The opinion of the court was delivered by
Gibson, J.
Where the personal assets are exhausted, the plaintiff, if there be no defence on the merits, may take judgment for the debt or damages to be levied of the decedent’s land; and such judgment is therefore no admission of personal assets, but it is on the contrary, so far, an admission that there are none. Here, however, the judgment is said to be de bonis testatoris, with a stipulation by the plaintiff, that he will take execution only againstthe land, and therefore, that the judgment is conclusive of the existence of personal assets in the hands of the exeeutors. If the judgment should be considered to have been taken by confession, the consequence would not follow, aá has just been decided in Hussey v. White. But it stands indifferent whether it be considered as a judgment by confession, or not. The entry is in these words: “Judgment de bonis, execution to be levied of the lands of the decedent, for the sum of, &c,” Now the meaning of a judgment de bonis testatoris is, that the plaintiff recover his debt or damages to be levied of the goods and chattels of the testator in the hands of the executor; and it is so expressed where the record is made up at length. The words de bonis, therefore, as they stand in this entry, are insensible and void, the latter clause being explanatory, of the first, and demonstrating an intention to sign judgment de larris. They no doubt crept in, under a supposition that as, by. the *351 act of assembly, lands are in all cases assets for the payment of debts, they are necessarily assets in the hands of the executors; and that those words are requisite to prevent the judgment from operating against him personally: whereas the distinction between assets in the hands of the executor and assets in the hands of the heir, is as distinctly marked here, as it is in England; the only difference being in the manner of getting at them, as by the custom of the state, (and a very bad custom it is,) the action is in all cases, brought against the executor, and the real assets levied in the hands of the heir. Where the executor has pleaded plene administravit, and the plaintiff 'is satisfied that the personal assets are fully administered, the practice is to confess the matter contained in the plea, and pray judgment of the land; but he could not after such confes-sion pray judgment of both goods and land; and fix the executor with a devastavit by concluding him from contesting the existence of personal assets. The entry here, although informal, is therefore to be taken as a judgment de terris; and the court was right in holding that the plaintiff had failed in producing such a record aá is set out in his declaration.
Judgment affirmed.